# United States Court of Appeals
## For the First Circuit

No. 24-1414

ELIZABETH F. WARNER,

Plaintiff, Appellant,

v.

LOUIS DEJOY,
Postmaster General of the United States Postal Service,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Rikelman, Lynch, and Kayatta,
Circuit Judges.

Mark M. Whitney, with whom Kyle E. Cullen and Whitney Law
Group, LLC were on brief, for appellant.
Michael McCormack, Assistant U.S. Attorney, with whom Jane E.
Young, U.S. Attorney, was on brief, for appellee.

September 4, 2025

**KAYATTA**, **Circuit Judge**.  Elizabeth Warner is a federal postal employee who was passed over for two promotions.  Believing that she was denied those positions because of her age and sex, she sued her employer, the United States Postal Service (USPS).  Warner alleged that USPS discriminated against her in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act.  The district court granted summary judgment against her.  It held that no reasonable jury could conclude that USPS's stated reasons for denying Warner the promotions were, in fact, pretexts for discrimination.

We agree that Warner's claims of age discrimination fail as a matter of law.  However, we find that the evidence presents a genuine dispute of material fact as to one of her sex-discrimination claims.  We therefore affirm in part, and reverse in part, the district court's summary judgment order.  Our reasoning follows.

**I.**

In reviewing a grant of summary judgment, we recite the facts in the light most favorable to Warner, the nonmoving party.  See Sutherland v. Peterson's Oil Serv., Inc., 126 F.4th 728, 734 (1st Cir. 2025).

Warner's career with the post office began in 1998.  Nine years later, she became a postmaster, and by 2018 she had risen to the rank of Level 18 postmaster.  In January 2018, she applied for

an open Level 20 postmaster position in Durham, New Hampshire, which would have yielded a higher salary and improved benefits. At the time, Warner was 58 years old. Kathleen Hayes -- Post Office Operations Manager for the Northern New England District, and Warner's supervisor -- interviewed Warner for the Durham position. Warner did not get the promotion. Instead, the position went to John Minigan, a 36-year-old man. As the district court paraphrased, Hayes told Warner that she chose Minigan because he had "more experience of the sort needed for that particular job."

Seven months later, in August 2018, Warner applied for a different Level 20 postmaster position, this time in Somersworth, New Hampshire. Again, Hayes conducted the interview. During the interview, Hayes said to Warner "that the Somersworth post office had never had a female postmaster, and she wondered how that would work." She also questioned whether Warner "had the energy" to manage the Somersworth office. Once again, Hayes did not give Warner the promotion. Hayes chose a man slightly younger than Warner instead: 53-year-old David Adams.

Fearing that she had been denied the promotions because of her age and gender, Warner complained to an Equal Employment Opportunity (EEO) counselor. Warner also filed a formal discrimination complaint with the USPS National EEO Investigative Services Office on December 21, 2018. Pursuant to the EEO process, Warner then requested a formal hearing and investigation at the

Equal Employment Opportunity Commission (EEOC). Finally, Warner withdrew her EEOC discrimination charge. The EEOC dismissed her case, and Warner sued her employer in federal district court.

After the parties completed discovery, USPS moved for summary judgment, arguing that Warner's claims failed as a matter of law. The district court agreed. It found that USPS had supplied "legitimate and non[]discriminatory reasons" for choosing Minigan and Adams over Warner: Those candidates "had more experience of the type needed (that is, overseeing city delivery routes), were better organized, presented themselves more impressively in their interviews, and had demonstrated superior leadership skills." And the court concluded that no reasonable jury could find that USPS's purported reasons were pretextual. The court granted summary judgment against Warner on all counts, and this appeal followed.

## II.

We review de novo a district court's decision to grant summary judgment. Mullane v. U.S. Dep't of Just., 113 F.4th 123, 130 (1st Cir. 2024). We construe the evidence "in the light most favorable to the nonmovant." Rodríguez-Cardi v. MMM Holdings, Inc., 936 F.3d 40, 46 (1st Cir. 2019). And we affirm only if the record presents "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (citation omitted). A fact is material if it has "the potential to affect the outcome of the suit under the applicable law," and

"dispute[s are] genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non[]moving party." Id. at 46-47. (cleaned up).

With that framework in mind, we assess whether the district court erred by granting summary judgment on Warner's claims of discriminatory failure to promote. We consider first her claims of age discrimination, and second her claims based on sex.

## III.

The ADEA mandates that "[a]ll personnel actions affecting employees . . . who are at least 40 years of age . . . in the United States Postal Service . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Notably, this provision holds federal-sector employers to a different standard than private-sector employers, which violate the ADEA only if they "discriminate . . . because of [an] individual's age." Id. § 623(a)(1) (emphasis added). Under the latter standard, a private-sector plaintiff must show that age was a but-for cause of her mistreatment, generally by using the burden-shifting test laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Rodríguez-Cardi, 936 F.3d at 47. But a federal-sector employee need not prove that age was a but-for cause of the personnel decision she challenges. Babb v. Wilkie, 589 U.S. 399, 402 (2020). Instead, she need only establish

- 5 -

that the decision was "tainted" by discrimination -- that "age discrimination play[ed] any part in the way a decision [was] made." Id. at 406.

In determining whether Warner had shown material facts in dispute concerning her age-discrimination claims, the district court, at both parties' urging, applied the McDonnell Douglas burden-shifting test. It found that Warner had established a prima facie case of age discrimination. However, it also found that USPS had articulated "legitimate and non[]discriminatory reasons" for declining to promote Warner, thus shifting the burden back to Warner to show that the purported reasons were pretextual. McDonnell Douglas, 411 U.S. at 804-05. And it concluded that Warner had failed to do so, because the evidence she proffered showed "neither pretext nor discriminatory animus."

Because federal-sector ADEA plaintiffs like Warner need not show but-for causation, the district court erred by relying on McDonnell Douglas to reject Warner's age-discrimination claims. See Babb, 589 U.S. at 402; Buckley v. Sec'y of Army, 97 F.4th 784, 794 (11th Cir. 2024). However, Warner admits that she invited this error by "ma[king] a strategic choice" below not to advocate for the correct standard. Where a party "intentional[ly] relinquish[es] or abandon[s] . . . a known right," we typically treat its argument as waived. United States v. Olano, 507 U.S. 725, 733 (1993) (citation omitted); see Mullane, 113 F.4th at 132.

- 6 -

To be sure, we "are not bound to accept as controlling[] stipulations as to questions of law." TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995) (citation omitted). On rare occasions, therefore, we have distinguished between waiving an argument and waiving a position as to the proper construction of the law to be applied to an otherwise-preserved argument. See, e.g., Wadsworth v. Nguyen, 129 F.4th 38, 54-55, 54 n.11 (1st Cir. 2025) (declining to accept parties' assumption that a plaintiff bringing sexual harassment claims must "establish the existence of a similarly situated comparator," and instead "applying the proper test" to determine that plaintiff had stated a viable claim). But here, Warner expressly chose to bypass the federal-sector test for reasons of "strateg[y]," and it is far from clear that she would prevail even under the more forgiving standard she first eschewed. Under these circumstances, for purposes of this appeal, we decline to overlook her waiver of any argument that Babb's more lenient standard might save her claims. Cf. Exxon Shipping Co. v. Baker, 554 U.S. 471, 487 n.6 (2008) (explaining that "[t]he reason for the rules is not that litigation is a game, like golf, with arbitrary rules to test the skill of the players," but instead "litigation is a 'winnowing process,' and the procedures for preserving or waiving issues are part of the machinery by which courts narrow what remains to be decided" (quoting Poliquin v. Garden Way, Inc., 989 F.2d 527, 531 (1st Cir. 1993))).

We turn, then, to the argument Warner pressed before the district court: that a jury could find, under the familiar McDonnell Douglas burden-shifting framework, that "it [was] more likely than not that the employer's proffered reason for the adverse employment action was pretextual and that the true reason was unlawful discrimination." Joseph v. Lincare, Inc., 989 F.3d 147, 158 (1st Cir. 2021).

USPS argues that it promoted Minigan over Warner to the Durham postmaster role because of Minigan's "extensive knowledge of city delivery and the overall quality of his work as Postmaster of the Deerfield Post Office." And it claims that it promoted Adams over Warner to the Somersworth position because of Adams's superior "interview performance" and "extensive experience with city delivery." In an attempt to show that these reasons were a pretext for age discrimination, Warner points to the fact that she was twice passed over for a younger candidate. She also claims substantial city-delivery experience, meaningful because Hayes declared that "productivity in City delivery was one of the most significant factors" in choosing who to promote. She highlights her employee evaluations, which -- arguably contrary to Hayes's suggestion that Warner struggled to manage city delivery -- included no negative feedback about Warner's city-delivery performance. And she details a series of statements by Hayes questioning whether Warner had the "energy" to succeed at

- 8 -

the Somersworth office -- statements Warner interpreted as code for concerns about her age.

Even drawing all reasonable factual inferences in Warner's favor, we agree with the district court that no reasonable jury could find that Hayes's purported reasons for choosing Minigan and Adams over Warner were a pretext for age discrimination. As a threshold matter, the age discrepancy between Warner and the chosen candidates does not, by itself, create an inference of age discrimination; if it did, then every age-discrimination plaintiff would survive summary judgment. Nor do Hayes's statements about Warner's "energy," without more, permit the conclusion that Hayes did not promote her because of Warner's age. After all, we have held that the word energy "does not necessarily connote youth or other age-related characteristics." Torrech-Hernández v. Gen. Elec. Co., 519 F.3d 41, 54 (1st Cir. 2008). And because Warner's "energy" need not mean her "age," comments about Warner's "energy" do not show that Hayes considered Warner's age in deciding not to promote her, at least in the context presented here.[1]

---

[1] For these reasons, we also disagree with Warner's claims that Hayes's stated concerns about Warner's "energy" constitute direct evidence of age discrimination. Compare Patten v. Wal-Mart Stores E., Inc., 300 F.3d 21, 25 (1st Cir. 2002) (explaining that direct evidence must "unambiguously implicate[] a . . . discriminat[ory] motive"), with Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc., 999 F.3d 37, 55-56 (1st Cir. 2021) (finding that statements about "rejuvenating" the workforce in the context of plaintiff's termination could be found to be direct evidence of discriminatory motive in the context presented).

Warner also argues that she was more qualified than Minigan because she had eleven years of postmaster experience to Minigan's two years and nine months; because her application listed twenty-seven trainings and Minigan's listed only three; because she was a member of the City Inspection Team and Minigan was not; and because she had "numerous years of city delivery experience," including at the Durham office itself.  She further suggests that similar qualifications made her a better candidate than Adams for the Somersworth post.  But USPS maintains -- and Warner does not now dispute -- that Minigan was "considered one of the leaders in city delivery," and that he "worked on many special teams as a Team Leader for City Delivery Inspections as well as instructed many trainings for City Delivery," qualifications Warner does not purport to possess.  As for Adams, the record reflects that he was previously postmaster in South Berwick, which was "100% city delivery," and before that supervised the Portsmouth post office, which "was the largest office in Hayes'[s] group, and consisted of 20-30 city delivery routes."  So, simply put, Warner's city-delivery qualifications do not indicate a "difference [between candidates] so stark as to support an inference of pretext." Rathbun v. Autozone, Inc., 361 F.3d 62, 75 (1st Cir. 2004).

Warner also points to several purported gaps and inconsistencies in Hayes's statements and testimonies.  She argues that those inconsistencies alone should have saved her from summary

judgment, because they could have led a jury to discredit Hayes's testimony -- and thus to disbelieve her alleged reasons for promoting Minigan and Adams instead of Warner. But as we have often explained, at summary judgment "[i]t is not enough for a plaintiff merely to impugn the veracity of the employer's justification." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991). Rather, the plaintiff must "elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real [discriminatory] motive." Id. (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)). Put differently, Warner cannot defeat summary judgment solely by questioning the credibility of the USPS decisionmaker in general; instead, she must point to evidence capable of satisfying her ultimate burden of proving discrimination. See Medina-Munoz, 896 F.2d at 9-10.

We have held that where an employer justifies a challenged employment decision by relying on a material assertion it demonstrably knew to be false, that inconsistency can create a triable issue of fact as to the employer's discriminatory motive. Joseph, 989 F.3d at 160-61 (holding that the employer's reliance on a knowingly "false accusation of insubordination" in a "sworn interrogatory answer" was "material" evidence of discrimination). Here, however, Warner points to inconsistencies with little

- 11 -

bearing on Hayes's decision to promote Minigan and Adams over Warner: a claim, later corrected, that Hayes herself had never been investigated for discrimination; difficulty remembering the contents of unrelated meetings; difficulty recalling aspects of Warner's city-delivery experience; and Hayes's failure to produce notes or matrices from her interview with Adams.[2]  None of these inconsistencies go to the core question of whether Hayes's purported reason for choosing others over Warner -- their superior skills, experience, and interview performances -- was a pretext for age discrimination.  Nor has Warner shown anything approaching the considered reliance on a demonstrably false assertion that we deemed sufficient in Joseph.  See 989 F.3d at 160-61.

---

[2]  In fact, Hayes stated in an email to the EEO investigator that she did not interview Adams at all.  But neither the parties nor the district court appear to have noticed this possible discrepancy.  Indeed, when asked at oral argument, Warner's counsel maintained that the email revealed, at most, a "spoliation issue" concerning the missing interview notes, and stated that "the record reflects . . . that Ms. Hayes testified that she did speak with Mr. Adams."  Following oral argument, Warner submitted a Rule 28(j) letter confirming that Warner "did not raise any argument related to [Hayes's] discrepancy concerning whether she interviewed" Adams, and clarifying that her only argument concerning the email was that "the District Court improperly relied on . . . Hayes's credibility in granting summary judgment."  For those reasons, Warner has plainly waived any argument that there were facts in dispute as to whether the Adams interview took place at all.  She has further waived any argument that such a dispute might be material under Joseph. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

- 12 -

We therefore agree with the district court that Warner failed to show material facts in dispute as to her claims of age discrimination.

## IV.

We turn now to Warner's claims of sex discrimination. The district court and the parties also applied the McDonnell Douglas framework to these claims; the parties do so again on appeal. We therefore follow their lead, without deciding whether we would do so were the issue contested on appeal. But see Huff v. Buttigieg, 42 F.4th 638, 645 (7th Cir. 2022) (holding that because "[t]he federal-sector provisions in the ADEA and Title VII are identical . . . Babb's causation standard applies equally to [Title VII's federal-sector provisions]"). We limit our inquiry to the question Warner has presented on appeal: Applying the McDonnell Douglas burden-shifting framework, were there material facts in dispute as to whether Hayes's purported reasons for promoting Minigan and Adams over Warner were a pretext for sex discrimination?

Because much of Warner's evidence relates to the Somersworth promotion, we begin with that claim before considering the earlier Durham promotion decision.

## A.

Warner argues that the district court erred at the third step of McDonnell Douglas when it held that no reasonable jury

could find that USPS's reasons for denying Warner the Somersworth promotion were a pretext for sex discrimination. In so ruling, Warner claims, the district court overlooked evidence that could support a finding of pretext: USPS data that Hayes promoted nearly twice as many men as women during her career; testimony that in a 2020 meeting, Hayes referred to a group of six young, male employees as her "smoking hot [Officers in Charge]"; and Hayes's statement during Warner's Somersworth interview that she "was not sure that they'd ever had a woman in Somersworth before, and she wondered how that would work out." In addition, Warner points to the same evidence discussed above as to her age-discrimination claims, including evidence casting doubt on Hayes's credibility and evidence that Warner was better qualified than the candidates selected.

Standing alone, we see no probative value in the demographic data, because Warner has not identified how many men versus similarly situated women applied for the positions in question. Without that information, it is not clear whether Hayes's history of promoting twenty-three men and only twelve women can support an inference of discriminatory motive. Nor could Hayes's remark about her "smoking hot" male officers, delivered more than a year later and in a context far removed from either promotion decision, support such an inference. See McMillan v. Mass. Soc'y for the Prevention of Cruelty to Animals, 140 F.3d

288, 300 (1st Cir. 1998) (noting that while "stray remarks may properly constitute evidence of discriminatory intent . . . in combination with other evidence," their probative value "is circumscribed if they were made in a situation temporally remote from the date of the employment decision"). And as we have already explained, neither inconsistent statements from Hayes unrelated to the challenged promotion decisions, nor Warner's own claim of superior qualifications, would ordinarily suffice to create a triable issue of pretext on their own or in combination.

Hayes's comments about the feasibility of a female postmaster in Somersworth, however, raise more serious questions. USPS contends that Hayes's statement that they had never "had a woman [p]ostmaster in Somersworth" was a "neutral, factual statement devoid of any evidence of gender-based animus." Grandy v. Manhattan & Bronx Surface Transit Operating Auth., No. 16-CV-6278, 2018 WL 4625768, at *25 (S.D.N.Y. Sept. 26, 2018). Maybe so, but a jury could find that her follow-up, wondering "how that would work," casts that statement in a different light: It implies that Hayes harbored doubt that a woman could do that job. Drawing all factual inferences in Warner's favor, Hayes's statements -- delivered during the interview itself, by the acknowledged decisionmaker -- could, when combined with the other, otherwise insufficient evidence, support a jury conclusion that Hayes elected not to promote Warner because of Warner's sex.

- 15 -

Hayes's remarks could have been, as USPS argues, merely imprudent "wonder[ing] aloud," or even a well-meaning warning about the realities of sexism that Warner might encounter. But this factual uncertainty about the meaning of Hayes's statements -- plainly material to Hayes's motive in denying Warner the promotion -- renders summary judgment inappropriate. See Ahmed v. Johnson, 752 F.3d 490, 502 (1st Cir. 2014) ("Determining which view more accurately reflects reality requires factfinding and credibility judgments that are properly the task of a jury.").

Taken together, Warner's "mosaic of circumstantial evidence" is just enough to warrant a jury trial. See id. at 497 (quoting Holland v. Gee, 677 F.3d 1047, 1056 (11th Cir. 2012)). We therefore reverse the judgment of the district court on Warner's Somersworth-based sex-discrimination claim.[3]

**B.**

We turn, finally, to Warner's claim that she was denied the earlier Durham position because of her sex. On appeal, she points to largely the same evidence of discrimination that supported her Somersworth-based claim, including her allegedly superior qualifications, Hayes's record of misleading statements,

---

[3] Because we find that Warner's claim survives summary judgment under the McDonnell Douglas test for indirect evidence, we need not determine whether Warner has, as she claims, presented direct evidence of sex discrimination. Nor need we decide whether the Babb causation standard should be applied to adjudicate this claim on remand.

- 16 -

and Hayes's statements during the Somersworth interview about the difficulty a female postmaster might face in Somersworth.

Warner's evidence here is considerably thinner. Hayes's comment during Warner's interview for the Somersworth position referred specifically to a history of all-male leadership in the Somersworth office. At most, then, Hayes's comment reflected her perception of Warner's suitability for the Somersworth office; it said nothing about Hayes's views on female postmasters in Durham, particularly because the evidence reflects no similar history of male leadership in the Durham office. Her comment does not support an inference that Hayes's purported reasons for not picking Warner to lead the Durham office were pretextual and that the real reason was sex discrimination. See O'Horo v. Bos. Med. Ctr. Corp., 131 F.4th 1, 15 (1st Cir. 2025) (reiterating that a Title VII plaintiff must show both pretext and the employer's true, discriminatory motive). And without the inference of discriminatory motive from Hayes's comment, Warner's other evidence of pretext -- the same evidence she cites for her Somersworth claim -- is not enough to create a triable issue of fact, for the reasons we have already explained. We therefore agree with the district court that Warner failed to show material facts in dispute as to her claim of sex discrimination in the Durham promotion decision.

**V.**

For the foregoing reasons, we <u>affirm</u> the district court's grant of summary judgment on Warner's claims of age discrimination, as well as her sex-discrimination claim concerning the Durham promotion. We <u>reverse</u> its grant of summary judgment on Warner's claim that USPS discriminated based on sex when it did not choose Warner to run the Somersworth office, and we <u>remand</u> for further proceedings consistent with this opinion. No costs are awarded to either party.